Barry C. Toone (Bar No. 018664)
Janell M. Adams (Bar No. 013733)
Dustin A. Christner (Bar No. 019707)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2761
(602) 643-2300
(602) 248-0947 Facsimile
barry.toone@bowmanandbrooke.com
janell.adams@bowmanandbrooke.com
dustin.christner@bowmanandbrooke.com

Attorneys for Defendant Ford Motor Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DENVER PULLIN and PATSY PULLIN, a married couple, | No. CV 04 2077 PCT FJM |
| Plaintiffs, | **FORD MOTOR COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE L.L.C., a Delaware limited liability corporation, doing business in Arizona; FORD MOTOR COMPANY, a Delaware corporation doing business in Arizona; CHAPARRAL FORD, INC., a Texas Corporation; JOHN DOES I through X and JANE DOES I through X, their respective spouses; BLACK CORPORATIONS I through V and WHITE PARTNERSHIPS I through V, | |
| Defendants. | |

Defendant Ford Motor Company ("Ford") moves for complete summary judgment pursuant to Fed. R. Civ. P. 56 on all plaintiffs' claims against Ford, including negligence, strict liability and punitive damages. This motion is supported by the attached statement of facts ("SOF") and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

This product liability action arises from a two vehicle collision on August 27, 2003. Plaintiffs filed their Amended Complaint on August 27, 2004. Despite having over two

years to investigate this accident and prepare their case, plaintiffs failed to uncover or disclose any evidence of a defect in design or manufacture in the subject vehicle, a 2002 Ford Excursion. Plaintiffs formally admitted that the only component of the subject 2002 Ford Excursion that they contended was defective was the driver's side rear tire manufactured by Defendant Bridgestone/Firestone North American Tire, LLC (hereafter "Bridgetsone") (SOF 1). Plaintiffs further admitted that the only component of the subject 2002 Ford Excursion they contended proximately caused plaintiffs' alleged injuries and damages was the driver's side rear tire (SOF 2). Finally, plaintiffs did not disclose any expert who will testify that the 2002 Ford Excursion was defective or unreasonably dangerous, or that Ford was negligent in its design or manufacture of the vehicle. The sole product defect claim related to the driver's side rear tire manufactured by Bridgestone. However, even that no longer applies because plaintiffs have since (1) settled with Bridgestone and (2) amended their disclosures to name Bridgestone's expert as their expert, incorporating his opinions that the tire was not defective either (SOF 12, 9).

Plaintiffs have no remaining product liability claims, entitling Ford to summary judgment.

## II. FACTUAL BACKGROUND

Ms. Maria Traylor was driving her 2002 Ford Excursion southbound on U.S. 93 when the driver's side rear tire allegedly suffered a de-tread. Ms. Traylor lost control of the Excursion, crossed over into oncoming traffic, and collided with plaintiff Denver Pullin, who was driving northbound in a 1993 Lincoln Town Car. After colliding with the Town Car, Ms. Traylor's Excursion rolled over the top of plaintiffs' Town Car, injuring Mr. Pullin.

## III. PROCEDURAL HISTORY

Plaintiffs filed their First Amended Complaint on August 27, 2004, and Ford answered on October 4, 2004. On September 26, 2005 plaintiffs responded to Ford's Requests for Admission and admitted the following:

1) That the only component of the subject 2002 Ford Excursion that plaintiffs contend was defective is the rear driver's side tire (SOF 1).

2) That the only component of the subject 2002 Ford Excursion that plaintiffs contend proximately plaintiff's alleged injuries and damages was the rear driver's side tire (SOF 2).

3) That plaintiffs are aware of no facts regarding mechanical malfunction of the subject 2002 Ford Excursion proximately causing plaintiffs' injuries or damages (SOF 3).

4) That the design of the subject 2002 Ford Excursion vehicle (as distinct from the tires) did not proximately cause plaintiffs' alleged injuries and damages (SOF 4).

5) That the manufacture of the subject 2002 Ford Excursion vehicle (as distinct from the tires) did not proximately cause plaintiffs' injuries and damages (SOF 5).

On September 1, 2005, plaintiffs disclosed their experts and their opinions. Plaintiffs did not disclose any expert who will testify that the 2002 Ford Excursion was defective or unreasonably dangerous (SOF 6). Plaintiffs also did not disclose any experts that will testify that Ford was negligent in its design and manufacture of the subject 2002 Ford Excursion (SOF 7).

Defendant Bridgestone submitted its expert report of Joseph Grant on December 5, 2005 (SOF 9). Plaintiffs incorporated the expert report of Joseph Grant into their disclosure statement on December 9, 2005 (SOF 12). Mr. Grant is a tire expert and does not have any opinions adverse to Ford (SOF 9). Mr. Grant concluded that the subject tire was not defective or unreasonably dangerous in design or manufacture (SOF 10). Mr. Grant concluded in his report that the subject tire experienced a tread and top steel belt detachment as a result of a localized road hazard injury and overdeflected operation (SOF 11). Defendant Bridgestone, the manufacturer of the driver's side rear tire, settled with plaintiffs and a Notice of Settlement was submitted to the Court.

IV. **SUMMARY JUDGMENT FOR FORD IS REQUIRED BECAUSE PLAINTIFFS HAVE NO ADMISSIBLE EVIDENCE OF A DEFECT**

To succeed on their strict liability claim against Ford, plaintiffs would have to establish "that the product is in a defective condition and unreasonably dangerous, the defective condition existed at the time the product left the defendant's control, and the defective condition is the proximate cause of the plaintiff's injury." Gosewisch v. American Honda Motor Co., 152 Ariz. 400, 737 P.2d 376 (1987) (citing Rocky Mountain Fire and Cas.

Co. v. Biddulph Oldsmobile, 131 Ariz. 289, 640 P.2d 851 (1982); Amburgery v. Holan Div. Of Ohio Brass Co., 142 Ariz. 531, 606 P.2d 21 (1980)). "Although the doctrine of strict liability in tort imposes liability without proof of negligence, the law does not impose liability for every injury caused by a product. Liability exists only if the product was in a 'defective condition unreasonably dangerous.'" Dart v. Wiebe Mfg., Inc., 147 Ariz. 242, 709 P.2d 876 (1985) (citing Restatement (Second) of Torts § 402A (1965)). Thus, a manufacturer is not required to make an accident-proof or fool proof product, nor must it insure the safety of the users of the products. Adroit Supply Co., v. Electric Mut. Liability Ins. Co., 112 Ariz. 385, 390, 542 P.2d 810, 815 (1975) (affirming jury instruction that states that a manufacturer is not under a duty to make or design a fool-proof product, nor is a manufacturer an insurer of the safety of the user); Cota v. Harley Davidson, 141 Ariz. 7, 684 P.2d 888 (Ct. App. 1984) (upholding a jury instruction that states that a manufacturer is not an insurer of the safety of the user); Vineyard v. Empire Machinery Co., Inc., 119 Ariz. 502, 581 P.2d 1152 (Ct. App. 1978) (stating that merely because the use of a product results in injury does not impose liability upon the manufacturer). Rather, a product is defective if a condition makes the product unsafe for normal handling and consumption. Readenour v. Marion Power Shovel, 149 Ariz. 442, 719 P.2d 1058, 1063 (1986) (citing Restatement (Second) of Torts § 402A (1965)).

Despite the passage of almost two and a half years following this accident, plaintiffs have produced no admissible evidence that the 2002 Ford Excursion was defective and unreasonably dangerous. Plaintiffs' responses to Ford's Requests for Admission undeniably establish that plaintiffs' only claim of defect related to the driver's side rear tire (SOF1-5). Since then, plaintiffs have adopted the report of tire expert Joseph Grant, who has concluded that the subject tire, manufactured by Bridgestone/, was not defective or unreasonably dangerous in design or manufacture (SOF10). Plaintiffs now have absolutely no evidence of any kind of defect in the 2002 Ford Excursion.

Because plaintiffs have failed to provide any admissible evidence to support their product liability claim, summary judgment must be granted.

## V.  PLAINTIFFS HAVE NO EVIDENCE OF NEGLIGENCE BY FORD

Plaintiffs also broadly alleged that Ford breached its duty to "exercise reasonable care in the designing, manufacturing, engineering, fabricating, constructing, assembling, producing, building, labeling, testing, marketing, promoting, advertising, distributing, and/or selling of the vehicle". See Plaintiffs' Amended Complaint, Count Two, ¶18.

To succeed on a negligence claim, plaintiffs must prove that Ford's design, manufacture, engineering, fabricating, construction, assembly, production, building, labeling, testing, marketing, promoting, advertising, distributing, and/or selling of the subject vehicle was negligent. Negligence is the failure to use reasonable care. To determine reasonable care for a manufacturer, it must be proven that Ford's conduct presented a foreseeable, unreasonable risk of harm. See Rossell v. Volkswagen of America, 147 Ariz. 160, 709 P.2d 517 (1985). It must also be proven that the negligence proximately caused plaintiffs' injuries and damages. RAJI (Civil) 3d Fault 1,2,3 (1997). Plaintiffs have disclosed no evidence that Ford negligently designed, tested or manufactured the 2002 Ford Excursion, and no evidence that Ford's conduct proximately caused plaintiffs' injuries and damages. Plaintiffs admitted this in their answers to Requests for Admission (SOF 1-5). In addition, plaintiffs disclosed no expert who will testify that Ford was negligent or caused plaintiffs' injuries and damages (SOF 8).

Because plaintiffs have no evidence that Ford was negligent, summary judgment must be granted for Ford on the negligence claim as well.

## VI.  PLAINTIFFS HAVE NO EVIDENCE TO SUPPORT AN AWARD OF PUNITIVE DAMAGES AGAINST FORD MOTOR COMPANY

Plaintiffs also asserted a punitive damages claim. Punitive damages are damages that are awarded in excess of full compensation to the victim to punish the wrongdoer. Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 723 P.2d 675 (1986). Punitive damages are an "extraordinary civil remedy," justified only in "those limited cases of consciously malicious or outrageous acts of misconduct where punishment and deterrence is both paramount and likely to be achieved." Linthicum, 150 Ariz. at 322, 723 P.2d at 680. Punitive

damages are "'undeserved as punishment' unless defendant acted with a knowing, culpable state of mind, or defendant's conduct was so egregious that the requisite mental state can be inferred." Gurule v. Illinois Mut. Life and Cas. Co., 152 Ariz. 600, 601, 734 P.2d 85, 86 (1987) (citation omitted). A jury will not be permitted to consider an award of punitive damages if the evidence is only slight and inconclusive. White v. Mitchell, 157 Ariz. 523, 759 P.2d 1327 (Ct. App. 1988).

To be awarded punitive damages in Arizona, it must be proven by clear and convincing evidence that a defendant's wrongful conduct was guided by evil motives or willful or wanton disregard of the interests of others. Saucedo v. Salvation Army, 200 Ariz. 179, 182, 24 P.2d 1274, 1278 (2001). Clear and convincing evidence is the highest burden of proof in a civil case. Thompson v. Better-Bilt Aluminum Products Co., Inc., 171 Ariz. 550, 557, 832 P.2d 203, 210 (1992) (clear and convincing evidence is "more onerous than a simple preponderance of the evidence"). Clear and convincing evidence is evidence that makes the truth of the contention "highly probable." State v. King, 158 Ariz. 419, 422, 763 P.2d 239, 242 (1988).[1]

"To recover punitive damages something more is required over and above the 'mere commission of a tort.'" Linthicum, 150 Ariz. at 332, 723 P.2d at 681 (citing Rawlings v. Apodaca, 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986)); Saucedo, 200 Ariz. at 182, 24 P.3d at 1277. That is, "a plaintiff must prove by clear and convincing evidence that the defendant engaged in aggravated and outrageous conduct with an 'evil mind.'" Saucedo, 200 Ariz. at 182, 24 P.3d at 1277 (emphasis added); Linthicum, 150 Ariz. at 331, 723 P.2d at 680 (holding that plaintiffs must show that defendants had an "evil mind" with "intent to injure the plaintiff").

The wrongdoer must be consciously aware of the wrongfulness or harmfulness of his conduct and yet continue to act in the same manner in deliberate contravention to the rights of the victim. It is only when the wrongdoer should be consciously aware of the evil of his

---

[1] Although King is a criminal case, the standard for clear and convincing evidence is the same as that in civil cases. In King, the court stated: "Nor do we find any authority for the proposition that the 'clear and convincing evidence' standard is given a different definition in criminal cases." King, 158 Ariz. at 422, 763 P.2d at 242.

actions, of the spitefulness of his motives or that his conduct is so outrageous, oppressive or intolerable in that it creates a substantial risk of tremendous harm to others that the evil mind required by the imposition of punitive damages may be found. Linthicum, 150 Ariz. at 330, 723 P.2d at 679.

The key is the wrongdoer's intent to injure the plaintiffs or his deliberate interference with the rights of others, consciously disregarding the unjustifiably substantial risk of significant harm to them. While the necessary 'evil mind' may be inferred, it is still this 'evil mind' in addition to outwardly aggravated, outrageous, malicious, or fraudulent conduct, which is required for punitive damages. Linthicum, 150 Ariz. at 331, 723 P.2d at 680 (emphasis added) (citation omitted). The requisite intent and outrageous and egregious conduct must occur in tandem with the conduct giving rise to the injury to recover punitive damages. Saucedo, 200 Ariz. at 182, 24 P.3d at 1277; Rawlings, 151 Ariz. 149, 726 P.2d 565.

The "evil mind" standard will only by met if it is proven that: (1) Ford intended to cause injury; (2) Ford's wrongful conduct was motivated by spite or ill will; or (3) Ford acted to serve its own interest, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of others."[2] Bradshaw v. State Farm Mut. Auto. Ins. Co., 157 Ariz. 411, 422, 758 P.2d 1313, 1324 (1988). It is the defendants' motivation – its state of mind – that is the crucial consideration. Gurule, 152 Ariz. at 602, 734 P.2d at 87. Moreover, the acts complained of must have been reprehensible and outrageous acts of misconduct to permit an award of punitive damages. Linthicum, 150 Ariz. at 331, 723 P.2d at 680.

Plaintiffs have disclosed literally no evidence, let alone clear and convincing evidence, that Ford engaged in the aggravated and outrageous conduct required to support a claim for punitive damages. No evidence exists that Ford intended to cause injury, that Ford's alleged conduct was motivated by spite or ill will, or that Ford acted in its

---

[2] This last factor cannot be construed in such a way as to render superfluous the consistent holding of the Arizona Supreme Court in Bradshaw and numerous other cases that "something more" than bad faith is required to permit punitive damages. The act must be "aggravated, outrageous, oppressive, or fraudulent." Linthicum, 150 Ariz. at 331-33, 723 P.2d at 680-82.

own interest to serve its own conduct, having reason to know and consciously disregard a substantial risk that its conduct might significantly injure others. See <u>Linthicum</u>, 150 Ariz. at 331, 723 P.2d at 680. Therefore, Ford is entitled to judgment on plaintiffs' claim for punitive damages.

## VII. **CONCLUSION**

For the reasons stated above, Ford respectfully asks the Court to enter summary judgment in Ford's favor on all of plaintiffs' claims against Ford.

DATED this 27th day of January, 2006.

BOWMAN AND BROOKE LLP

By: /s/
    Barry C. Toone
    Janell M. Adams
    Dustin A. Christner
    Suite 1600, Phoenix Plaza
    2901 North Central Avenue
    Phoenix, Arizona 85012-2761
    Attorneys for Defendants
    Ford Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th of January, 2006, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James F. Brook, Esq.
Robert Austin, Esq.
JAMES F. BROOK AND ASSOCIATES
7150 East Camelback Road, Suite 415
Scottsdale, AZ  85251
Attorneys for Plaintiffs

Scott Freeman, Esq.
FENNEMORE CRAIG
3003 North Central Avenue, Suite 2600
Phoenix, AZ 85012
Attorneys for Defendant Bridgestone/Firestone

Michael R. Perry, Esq.
CARNAHAN, PERRY & HUDSON, PLC
333 East Osborn Road, Suite 315
Phoenix, Arizona 85012
Attorneys for Defendant Chaparral Ford, Inc.

Wendi A. Sorensen, Esq.
SKYPECK & SORENSEN
One East Camelback Road, Suite 800
Phoenix, Arizona 85012
Attorneys for Defendant Maria Trinidad Traylor

                                          s/   Shannon L. Richey