```
1   FENNEMORE CRAIG, P.C.
    William L. Thorpe (No. 005641)
2   Scott Day Freeman (No. 019784)
    3003 North Central Avenue
3   Suite 2600
    Phoenix, Arizona  85012-2913
4   Telephone:  (602) 916-5000
    E-mail: wthorpe@fclaw.com
5   E-mail: sfreeman@fclaw.com

6   Attorneys for Defendant
    Bridgestone Firestone North American Tire,
7   LLC
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| DENVER PULLIN and PATSY PULLIN, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., a Delaware Limited Liability Corporation, doing business in Arizona; FORD MOTOR COMPANY, INC., a Delaware Corporation doing business in Arizona; CHAPARRAL FORD, INC., a Texas Corporation; ALAMO HAT COMPANY, INC., a Texas corporation; MARIA TRAYLOR and JOHN DOES I through X and JANE DOES I through X, their respective spouses; BLACK CORPORATIONS I through V and WHITE CORPORATIONS I through V,<br><br>Defendants. | Case No.: CV04-2077-PCT-FJM<br><br>**DEFENDANT BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S MOTION TO DISMISS PURSUANT TO RULE 41** |

Plaintiffs and defendant Bridgestone Firestone North American Tire, LLC, ("Firestone") have settled their disputes. Plaintiffs have released their claims against Firestone, and plaintiffs' counsel has signed a stipulation to dismiss, a copy of which is

1 attached as Exhibit A.  The other remaining defendants in the action, however, refuse to
2 sign the stipulation and refuse to state the grounds for their refusal.

3       Pursuant to Rule 41, Firestone asks this Court to enter an order dismissing it from
4 the lawsuit with prejudice.  Firestone also asks the Court to require the remaining
5 defendants to reimburse Firestone its reasonable attorney's fees and costs for having to
6 seek dismissal through this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction.**

9       This products liability action arises from a two-vehicle collision on August 27,
10 2003.  Plaintiffs were the occupants of one vehicle.  On August 27, 2004, Plaintiffs filed
11 their Amended Complaint alleging claims against Ford Motor Company, the manufacturer
12 of the other vehicle; Firestone, the manufacturer of a tire on the other vehicle; and
13 Chaparral Ford, the entity that serviced the other vehicle.  Plaintiffs later amended their
14 complaint again to allege claims against Maria Trinidad Traylor, the driver of the other
15 vehicle, and Alamo Hat Co., her employer.  No cross-claims, counter-claims, or third
16 party actions have been filed.  Ford Motor Company recently filed a motion for summary
17 judgment, which was not opposed, and has been dismissed from the case.

18       In December 2005, plaintiffs and Firestone resolved their disputes pursuant to a
19 confidential settlement agreement.  In conjunction therewith, plaintiffs' counsel signed a
20 stipulation to dismiss Firestone with prejudice.  See Exhibit A.  That stipulation was sent
21 to counsel for the other defendants for signature, but they refused, and continue to refuse,
22 to sign the stipulation.  See Exhibit B.

**II.    Dismissal Is Proper Pursuant to Rule 41(a)(2).**

24       Rule 41(a)(2) states in part that "an action shall not be dismissed at the plaintiff's
25 instance save upon order of the court."  Fed. R. Civ. Proc. 41(a)(2).  Here, plaintiffs have
26 resolved their disputes with Firestone and have agreed to dismiss it from this action with

prejudice. See Exhibit A. No other party has asserted claims against Firestone in this action, and there is no reason why Firestone should be forced to remain in the lawsuit. The Court should, therefore, dismiss Firestone with prejudice. See Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

Rule 41(a)(2) also permits the Court to impose any terms and conditions on the dismissal that the Court deems proper. On several occasions, Firestone's counsel asked counsel for Chaparral Ford and Traylor/Alamo Hat to authorize the filing of the stipulation to dismiss attached as Exhibit A. Those defendants did not consent. Firestone even asked these defendants to state their objections to the proposed stipulation in writing, but this request was ignored. See Exhibit B. In keeping with the equitable spirit of Rule 41(a)(2) and Rule 1, Firestone requests that the Court order Chaparral Ford and Traylor/Alamo Hat to compensate Firestone, in an amount the Court deems just, for the expenses Firestone incurred because of the intransigence of those parties.

DATED this 27th day of February, 2006.

FENNEMORE CRAIG, P.C.

By s/Scott Day Freeman
William L. Thorpe
Scott Day Freeman
Attorneys for Defendant
Bridgestone Firestone North American Tire, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James F. Brook
John N. Vingelli
James F. Brook and Associates
7150 East Camelback Road
Suite 415
Scottsdale, Arizona 85251
john@jamesbrook.com
jfb@jamesbrook.com

Barry C. Toone
Janell M. Adams
Dustin A. Christner
Bowman and Brooke, LLP
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Barry.toone@bomanandbrooke.com
Janell.adams@phx.bowmanandbrooke.com
Dustin.christner@bowmanandbrooke.com

Michael Perry
Carnahan, Perry & Hudson
333 East Osborn Road, Suite 315
Phoenix, Arizona 85012
mrperry@cphlegal.com

Wendi Sorensen
Skypeck & Sorensen
One East Camelback Road, Suite 800
Phoenix, Arizona 85012
Wendi.Sorensen@zurichna.com

s/ Scott Day Freeman

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX