1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9   DENVER PULLIN and PATSY PULLIN,)        No. CV-04-2077-PCT-FJM
                                   )
10              Plaintiffs,         )
    vs.                            )        **ORDER**
11                                 )
    BRIDGESTONE/FIRESTONE, et al., )
12                                 )
                Defendants.         )
13  _____)

14

15          The court has before it defendant Bridgestone/Firestone's motion to dismiss (doc.

16  58), Ford's response, Chaparral Ford's response and motion to strike expert (doc. 61),

17  plaintiffs' response to the motion to strike, Chaparral's reply to the response to the motion

18  to strike, Bridgestone's reply to the response to the motion to dismiss and response to motion

19  to strike.

20          These documents present a sorry state of affairs.  Bridgestone has settled with

21  plaintiffs but some co-defendants will not sign a stipulation to dismiss under Rule 41(a)(1),

22  Fed. R. Civ. P.  Chaparral contends that it will not sign the stipulation because plaintiffs and

23  Bridgestone have manipulated the process and committed fraud on the tribunal.  Chaparral

24  claims that plaintiffs failed to disclose the identity of any expert witness by the September

25  1, 2005 cutoff date, and points out that Bridgestone simultaneously indicated that it settled

26  the case and disclosed an expert witness.  Chaparral contends that plaintiffs then attempted

27  to incorporate by reference Bridgestone's expert.  Thus, Chaparral contends that we should

28  preclude plaintiffs from using any expert because of their violation of the rules and this

court's Rule 16 scheduling order.  If we do that, Chaparral has no opposition to the dismissal of Bridgestone.  Plaintiffs contend that their generic reference to all witnesses listed by any other party is sufficient, to which Chaparral replies that the rules require the identity of the expert.

Bridgestone does not explain why it filed an expert disclosure on the same day it settled its case other than to say that it had the right to do so since it was still a party.  Bridgestone also asserts that Chaparral failed to ever tell it why it would not sign the stipulation to dismiss it.  All parties seek fees against each other.

Plaintiffs' understanding of their disclosure obligations are flat wrong.  Plaintiffs had an obligation to identify their expert by the expert cutoff date.  Their contention that it can incorporate by reference a defendants' expert is a perversion of the process.  Accordingly, Chaparral's motion to strike plaintiffs' expert is GRANTED (doc. 61).

We turn then to the question of the dismissal of Bridgestone due to settlement.  Bridgestone's failure to explain why it disclosed an expert at the same time it settled the case lends substance to Chaparral's contention that there is something wrong here.  Bridgestone has some explaining to do.  Accordingly, IT IS ORDERED that Bridgestone shall file with the court under seal for *in camera* inspection all documents related to its settlement with plaintiffs. Bridgestone shall also file a renewed motion to dismiss under Rule 41 which more substantively responds to Chaparral's contentions about its motives and explains to the court why Bridgestone disclosed an expert when it settled the case.  The agreements and the motion shall be filed no later than May 12, 2006.  In the meantime, IT IS ORDERED DENYING without prejudice Bridgestone's motion to dismiss (doc. 58).  The question of fees shall abide the outcome of the renewed motion to dismiss.

DATED this 4th day of May, 2006.

Frederick J. Martone

Frederick J. Martone
United States District Judge

- 2 -