FENNEMORE CRAIG, P.C.
William L. Thorpe (No. 005641)
Scott Day Freeman (No. 019784)
3003 North Central Avenue
Suite 2600
Phoenix, Arizona 85012-2913
Telephone: (602) 916-5000
E-mail: wthorpe@fclaw.com
E-mail: sfreeman@fclaw.com

Attorneys for Defendant
Bridgestone Firestone North American Tire, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DENVER PULLIN and PATSY PULLIN, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., a Delaware Limited Liability Corporation, doing business in Arizona; FORD MOTOR COMPANY, INC., a Delaware Corporation doing business in Arizona; CHAPARRAL FORD, INC., a Texas Corporation; ALAMO HAT COMPANY, INC., a Texas corporation; MARIA TRAYLOR and JOHN DOES I through X and JANE DOES I through X, their respective spouses; BLACK CORPORATIONS I through V and WHITE CORPORATIONS I through V,<br><br>Defendants. | Case No.: CV04-2077-PCT-FJM<br><br>**DEFENDANT BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC'S RENEWED MOTION TO DISMISS PURSUANT TO RULE 41** |

Pursuant to the Court's Order dated May 4, 2006, defendant Bridgestone Firestone North American Tire, LLC, ("Firestone") renews its Motion to Dismiss Pursuant Rule 41. In so doing, Firestone incorporates its Motion for Dismiss Pursuant to Rule 41, filed on

1  February 27, 2006, and its Reply in Support of Its Motion to Dismiss Pursuant to Rule 41
2  and Response to Motion to Strike, filed on April 3, 2006.  Furthermore, Firestone has filed
3  under seal all confidential settlement documents pursuant to the Court's Order.

4        To further address the concerns raised in the Court's Order, Firestone states that its
5  motivation for disclosing its expert at the time it settled the case was (1) to effectuate a
6  settlement between plaintiffs and Firestone, the basic concept of which was formulated
7  during the July 22, 2005, mediation; (2) to minimize the risk that Firestone would bear the
8  expense of producing its expert for a deposition; and (3) at least to some extent, to protect
9  Firestone's interests in this case (and potentially in a companion case filed by Ms.
10 Traylor) if the Court should not dismiss Firestone.  The rationale for these motivations are
11 further explained below.

12       On August 27, 2003, a tire on a Ford Excursion driven by Maria Trinidad Traylor
13 allegedly lost its tread.  Ms. Traylor failed to control the Excursion and it crossed into
14 oncoming traffic and essentially rolled over a vehicle driven by Mr. Pullin.  The accident
15 occurred on U.S. 93 near Wikiup.  Although Ms. Traylor was not injured, Mr. Pullin
16 allegedly suffered serious and permanent injuries.  The Pullins then filed lawsuits in
17 Yavapai and Maricopa Counties.  Eventually, all defendants were joined in the instant
18 action.  Plaintiffs sued Firestone, Ford Motor Company, Chaparral Ford, Maria Trinidad
19 Traylor, and Alamo Hat Co.

20       On July 22, 2005, Firestone participated in a mediation conducted by the
21 Honorable Daniel E. Nastro, Ret., and attended by plaintiffs and their counsel, Scott Burns
22 (Firestone's national settlement counsel) and counsel undersigned, counsel for Traylor
23 and Alamo Hat, and counsel for an insurance carrier.  During the mediation, Firestone
24 revealed to the mediator that its tire consultant had recently concluded his examination of
25 the subject tire and had determined that the subject tire was not defective in its design and
26

manufacture but that Chaparral Ford, which was the last entity to inspect the vehicle and tires before the accident, should have noticed an incipient tread separation.

Later in the mediation, and to further induce a possible settlement between plaintiffs and Firestone, Judge Nastro suggested that Firestone permit plaintiffs to retain Firestone's tire expert for plaintiffs' use in pursuing their claims against Chaparral Ford. Although Firestone's national settlement counsel was not fully authorized to agree to such an additional term at the mediation, he could agree that a settlement in principle had been reached. Whether the settlement in principle would ultimately be consummated was contingent upon whether (a) Firestone would fully authorize the agreement and (b) plaintiffs and Firestone could come to terms on the manner in which plaintiffs would retain Firestone's expert.

Resolving and documenting these issues took months. The agreement ultimately approved and documented is essentially the same agreement discussed at the July 22, 2005, mediation. That agreement is documented in the confidential settlement agreement submitted herewith for the Court's *in camera* review.

Firestone respectfully submits that it is not unusual for a defendant to permit a plaintiff to retain the defendant's expert as a term of settlement. In this case, however, the formal hand over of the expert could not occur before plaintiffs' September 1, 2005, expert disclosure deadline. Plaintiffs did not opt to call off the settlement and otherwise wait for Firestone to make its expert disclosure in the normal course as plaintiffs had a right to do. In addition, plaintiffs chose not to seek an extension of their expert disclosure deadline. Rather, plaintiffs chose to bear the risk that the disclosure they elected to make on September 1, 2005, might be stricken. Over six months later, after having received plaintiffs' September 1, 2005, expert disclosure, plaintiffs' subsequent disclosures attempting to incorporate Firestone's expert disclosure, and after refusing to sign the stipulation to dismiss Firestone thereby forcing Firestone to file its motion to dismiss,

1  Chaparral Ford moved to have plaintiffs' disclosure stricken.  The Court has agreed with
2  Chaparral Ford and prevented plaintiffs from incorporating Firestone's expert.

3  Firestone believes that its pursuit of a settlement with plaintiffs in this matter was
4  proper.  If Firestone would not have settled, or settled at a later date, Firestone would have
5  introduced expert evidence in to the case implicating Chaparral Ford and would have
6  asked the jury to allocate a percentage of fault to Chaparral Ford if the jury should find for
7  plaintiffs.  Firestone would have born the burden of proof and it would have been up to
8  Chaparral Ford to attempt to rebut Firestone's evidence.  Indeed, Firestone fully intended
9  to proceed with its expert disclosures by November 1, 2005, the original expert disclosure
10 deadline for defendants.  If that had occurred, Chaparral Ford would have taken steps to
11 attempt to rebut that evidence and likely would have sought to depose Firestone's expert.
12 As it happened, because of difficulties in scheduling depositions, good cause existed to
13 extend defendants' expert disclosure deadline until December 1, 2005, and then again to
14 January 31, 2006.

15 Firestone disclosed its expert on December 5, 2005, the same day it new with
16 certainty that it had settled its claims with plaintiffs.  (As it happened, this was almost two
17 months before defendants' expert disclosure deadline.)  Chaparral Ford then took the
18 same steps it would have taken if plaintiffs and Firestone had not settled:  it presented
19 expert evidence attempting to rebut the report of Firestone's expert.  As previously
20 pointed out in Firestone's original reply, none of the steps Chaparral Ford took involved
21 moving to strike any of plaintiffs' or Firestone's disclosures – at least until much later
22 when Chaparral Ford responded to Firestone's motion to dismiss.  If Firestone had not
23 disclosed its expert on December 5, 2005, which it had a right to do so, no settlement
24 would have occurred and Firestone would have made its disclosure some time before the
25 January 31, 2006, deadline.

26

**CONCLUSION**

For the reasons set forth in its original motion and reply, and for the reasons set forth herein, Firestone requests that its original motion to dismiss, as renewed herein, be granted and that Firestone be dismissed with prejudice from this matter.

DATED this 12th day of May, 2006.

                                  FENNEMORE CRAIG, P.C.


                                  By s/Scott Day Freeman
                                      William L. Thorpe
                                      Scott Day Freeman
                                      Attorneys for Defendant
                                      Bridgestone Firestone North American Tire, LLC

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2006, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James F. Brook
John N. Vingelli
James F. Brook and Associates
7150 East Camelback Road
Suite 415
Scottsdale, Arizona 85251
john@jamesbrook.com
jfb@jamesbrook.com

Barry C. Toone
Janell M. Adams
Dustin A. Christner
Bowman and Brooke, LLP
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Barry.toone@bomanandbrooke.com
Janell.adams@phx.bowmanandbrooke.com
Dustin.christner@bowmanandbrooke.com

Michael Perry
Carnahan, Perry & Hudson
333 East Osborn Road, Suite 315
Phoenix, Arizona 85012
mrperry@cphlegal.com

Wendi Sorensen
Skypeck & Sorensen
One East Camelback Road, Suite 800
Phoenix, Arizona 85012
Wendi.Sorensen@zurichna.com

s/ Scott Day Freeman

1792973.1